UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
In Admiralty – Newport News Division

IN THE MATTER OF THE COMPLAINT
OF DANN MARINE TOWING, LC,
AS OWNER OF THE TUG SEA COAST             Civil Action No. 4:18-cv-149

## COMPLAINT IN ADMIRALTY

The Complaint of Dann Marine Towing, LC, as owner of the Tug SEA COAST in an action for limitation of liability, civil and maritime, hereby alleges upon information and belief as follows:

1. This is a case of admiralty and maritime jurisdiction, within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Subject matter jurisdiction exists with this Court pursuant to 28 U.S.C. § 1333.

2. Plaintiff in limitation, Dann Marine Towing, LC (hereinafter "Dann Marine" or "Limitation Plaintiff"), is a limited liability company existing under the laws of Maryland, with its principal place of business in Chesapeake City, Maryland, and with a business operation in Virginia Beach, Virginia, and was at all material times the owner and/or owner *pro hac vice* and bare boat charterer of the Tug SEA COAST referred to in this Complaint.

3. The Tug SEA COAST is a steel towing vessel, 60.2 feet in length, built in 1980, Official No. 625680.

5. The Vessel was at all material times and in all respects seaworthy and properly maintained and in particular was seaworthy and in proper working condition on July 14, 2018, and the vessel regularly sails in the navigable waters in this district.

6. To the best of Limitation Plaintiff's knowledge, information and belief, there are no demands or unsatisfied liens against the Vessel which arose from the voyage at issue that occurred

on July 14, 2018. The Vessel has not been attached or arrested as the result of any legal claim or proceeding under the general maritime law. To Limitation Plaintiff's knowledge, the only claims presently asserted against Limitation Plaintiff as a result of the Vessel's voyage on July 14, 2018, are claims or potential claims in the total amount of four million dollars by or on behalf of Maceo Nicholson and Kalijah Stith, minor children, and Quientin Nicholson for alleged personal injuries, a claim by the Estate of Leroy Parker for wrongful death, and an as-yet unspecified claim by the Estate of Robert Coleman for wrongful death (collectively, "Claimants"), all occurring on or about July 14, 2018, as the result of a collision between the SEA COAST and a recreational vessel occupied by claimants in the James River at approximately 7:45 a.m.

7. The voyage of the SEA COAST began and ended on July 14, 2018, in Newport News, Virginia, and the vessel was not damaged, lost, or abandoned.

8. Limitation Plaintiff denies that any negligence on its part or any unseaworthiness of the Vessel caused or contributed in any way to the injuries sustained by Claimants.

9. If any negligence occurred, which is denied, any damages or injuries which may have resulted therefrom were not caused or contributed to by any fault, neglect, want of care, or design on the part of Limitation Plaintiff, or any unseaworthiness of the Vessel.

10. If any negligence occurred, which is denied, any losses, damages or injuries or death resulting or occasioned therefrom were incurred without the privity or knowledge of Limitation Plaintiff.

11. The voyage of the Vessel, during which any potential claims arose, concluded on July 14, 2018, on the navigable waters of the United States. The value of the Vessel at the close of the voyage did not exceed Five Hundred Thousand U.S. Dollars ($500,000.00). There were no pending freights at the conclusion of the voyage. The claims asserted to date by Claimants, via counsel, and

other potential claimants, alleged to have been occasioned by the events above-mentioned, are expected to exceed the value of Limitation Plaintiff's interest in the Vessel at the end of the voyage above-described.

12. Limitation Plaintiff claims exoneration from liability for any and all loss caused, occasioned, or incurred by the above-referenced alleged incident, and for any and all claims or potential claims arising therefrom.

13. Limitation Plaintiff claims the benefit of the Limitation of Liability Act of the United States, 46 U.S.C. §§ 30501-30512, and claims exoneration from or limitation of liability for any injuries, damages, or losses of whatever description arising from the alleged incident aforesaid. Limitation Plaintiff desires to contest its liability and that of the Vessel in respect to any and all claims and alleges that it has valid defenses to any such claims on the facts and the law.

WHEREFORE, Limitation Plaintiff prays that this Honorable Court will:

1. Enter an Order directing the issuance of a monition against all persons, concerns, or firms claiming damages for any and all losses or damages occasioned or incurred by or in any way resulting from or otherwise arising out of the above-referenced alleged incident, or otherwise asserting any claim against Limitation Plaintiff or the Vessel with respect to which Limitation Plaintiff seeks exoneration from or limitation of liability herein, admonishing them to answer under oath the allegations of this Complaint and to file their respective claims with the Clerk of this Court to serve on, or mail copies thereof to, the attorney for Limitation Plaintiff herein named on or before the date to be specified in the monition, and to make due on or before the date to be specified in the monition, all as provided by law and by the Federal Rules of Civil Procedure and Supplemental Rule F(4).

2. Direct that notice of the monition, in the form and manner prescribed by

Supplemental Rule F(4), be published in such newspaper or newspapers as the Court may specify or, as specified by the Rules, once a week for at least four (4) consecutive weeks before the date specified in the monition for filing claims herein.

3. Issue an injunction restraining the further prosecution of any and all suits, actions and proceedings, which may have been commenced in any court whatsoever, to recover damages for any and all losses or damage occasioned or incurred by or in any way resulting from the above-referenced casualty and loss or in any way consequent or arising from the Vessel and restraining the commencement or prosecution thereafter or any suit, action or legal proceeding of any nature or description, except in this action, against Limitation Plaintiff or the Vessel in respect to any claim, all as provided by law and by the Federal Rules of Civil Procedure and Supplemental Rule F(3).

4. Adjudge and decree that in this proceeding Limitation Plaintiff is not liable to any extent upon any of the claims made or that may be made as described above; or, if Limitation Plaintiff is found liable, then such liability is limited to the value of the Vessel as found at the time of the above-referenced casualty, and a decree discharging Limitation Plaintiff of and from any and all further liability.

5. That the Court grant Limitation Plaintiff such other and further relief as may be just and proper.

Respectfully submitted on November 27, 2018.

**DANN MARINE TOWING, LC, AS OWNER OF THE TUG SEA COAST,**

By: /s/ David N. Ventker
Of Counsel

David N. Ventker (VSB No. 29983)

Marissa M. Henderson (VSB No. 44156)
Ventker Henderson, PLLC
256 West Freemason Street
Norfolk, Virginia 23510
Telephone:  757.625.1192
Facsimile:   757.625.1475
dventker@ventkerlaw.com
mhenderson@ventkerlaw.com


ROBERT B. BIRTHISEL (VSB No. 46665)
Hamilton, Miller & Birthisel, LLP
100 S. Ashley Dr., Suite 1210
Tampa, Florida 33602
Telephone:  813.223.1900
Facsimile:   813.223.1933
rbirthisel@hamiltonmillerlaw.com
*Attorneys for Dann Marine Towing, LC*