**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
In Admiralty - Newport News Division**

| | |
|---|---|
| **In the Matter of the Complaint Of Dann Marine Towing, LC, as Owner of the Tug Sea Coast** | **Civil Case No. 4:18-cv-149** |

### CLAIMANT WILHEMENIA COLEMAN'S COUNTERCLAIM TO LIMITATION PETITIONER DANN MARINE TOWING, LC'S COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

NOW COMES Claimant, WILHEMENIA COLEMAN, as the Personal Representative of the ESTATE OF ROBERT COLEMAN, by and through undersigned counsel, and asserts the following counterclaim against DANN MARINE TOWING, LC (hereinafter "MARINE TOWING") in response to the Complaint for Exoneration From or Limitation of Liability:

**IDENTIFICATION OF PARTIES AND JURISDICTIONAL ALLEGATIONS**

1. This counterclaim concerns the death of ROBERT COLEMAN which occurred within the territorial waters of the Commonwealth of Virginia.

2. Claimant, WILHEMENIA COLEMAN, files the instant counterclaim as the Personal Representative of the ESTATE OF ROBERT COLEMAN and on behalf of ROBERT COLEMAN's surviving family members.

   a. At all times material to this action, WILHEMENIA COLEMAN was the lawfully wed wife of ROBERT COLEMAN, deceased.

   b. At all times material to this action, DINEISHA EASLEY was the natural daughter of ROBERT COLEMAN, deceased.

    c. At all times material to this action, DEMETRICK JONES was the natural son of ROBERT COLEMAN, deceased.

    d. At all times material to this action, MIRANDA WILLIAMS was the natural daughter of ROBERT COLEMAN, deceased.

    e. At all times material to this action, RAKEI STOKES was the natural son of ROBERT COLEMAN, deceased.

3. Claimant's counterclaims are governed by general maritime law, and pursuant to *Yamaha Corp., U.S.A. v. Calhoun*, 516 U.S. 199 (1990), claims are hereby made for all remedies under the Commonwealth of Virginia's survival and wrongful death statutes. *See* Va. Code Ann. §§ 8.01-25 and 8.01-50, *et seq.*

## FACTUAL ALLEGATIONS

1. This action concerns the death of ROBERT COLEMAN as a result of a July 14, 2018 collision between a barge, which the Tug SEA COAST (hereinafter "Tugboat") was pushing, and a recreational vessel on which ROBERT COLEMAN was a passenger.

2. The collision in question occurred at approximately 7:45 A.M. on the navigable waters of James River near Newport News, Virginia.

3. At all times material hereto, a total of six (6) persons were on board the recreational vessel.

4. At all times material hereto, the recreational vessel was operated under the command of vessel owner, LEROY PARKER.

5. At all times material hereto, the Tugboat was operated under the command of its licensed captain, JOHN MEHAFFEY.

6. At all times material hereto, MARINE TOWING was the owner and/or owner *pro hac vice* and the bare boat charterer of the Tugboat.

7. At all times material hereto, the recreational vessel was drifting on the James River when it was struck by a barge being pushed by the Tugboat.

8. As a direct and proximate result of the collision, ROBERT COLEMAN was violently ejected from the recreational vessel and separated from the vessel during the collision.

9. Following the collision, ROBERT COLEMAN was missing from July 14, 2018 to July 16, 2018 when his body was recovered on the nearby shore of the James River.

10. The subject collision was caused as a direct and proximate result of, *inter alia*, the acts, omissions, negligence, willful and wanton conduct, unseaworthiness, fault, recklessness, lack of due care, and breaches and violations of duties and law by MARINE TOWING.

11. At all times material hereto, MARINE TOWING owed certain duties to the general public, and specifically ROBERT COLEMAN, and was burdened and required to conduct and operate the Tugboat consistent with the applicable navigational rules of the road as were then and there appropriate; however, MARINE TOWING breached all duties and violated all applicable navigational rules.

12. Specifically, MARINE TOWING's breach of duties owed to ROBERT COLEMAN included, but was not limited to, the following:

   a. Failure to maintain a proper lookout, by sight and sound, as well as available means appropriate under the prevailing circumstances and conditions to make full appraisal of the situation and the risks of collision;

   b. Failure to equip the Tugboat with necessary and appropriate navigational devices;

c. Failure to use all available and appropriate means of surveillance under the circumstances to determine any risks of collision, and whereby if there had been any such means of surveillance, such risks should have been deemed to have existed;

d. Failure to act to avoid collision, under the circumstances, in a positive manner, in ample time with due regard to the observance of good seamanship;

e. Failure to employ a competent master, crew, agents, and employees relative to the navigation and operation of the Tugboat;

f. Failure to provide and equip the vessel with sufficient and adequate appurtenances, appliances, and fittings to deal with expected use and perils;

g. Failure to assure that the Tugboat was properly and sufficiently manned by competent individuals who were adequately trained, experienced, supervised, and equipped for the task at hand;

h. Failure to assure that the Tugboat was operated at a reasonable and lawful speed;

i. Failure to warn of any inoperable and/or inadequate machinery and/or equipment, which could reasonably create a dangerous condition;

j. Failure to activate and/or assure that all persons operating the Tugboat activated the vessel's GPS receiver;

k. Failure to supervise all persons operating the Tugboat;

l. Failure to inspect the Tugboat to assure the vessel was reasonably safe;

    m. Failure to assure that the vessel was properly operated within safe parameters, given the then-existing condition of the vessel, including the vessel's proximity to other objects and river conditions within Virginia's territorial waters;

    n. Failure to assure that the Tugboat was properly staffed, provisioned, and maintained within Virginia's territorial waters.

13. At all times material hereto, it was foreseeable to MARINE TOWING that a breach of the aforementioned duties would create a zone of risk or an increased risk of serious bodily harm to persons similarly situated as ROBERT COLEMAN.

## CLAIM FOR SURVIVAL DAMAGES OF ROBERT COLEMAN

14. Claimant adopts and incorporates by reference as if fully set forth herein the allegations of paragraph 1-13 of her Counterclaim.

15. As a direct and proximate result of the subject collision, ROBERT COLEMAN was violently ejected from the recreational vessel and was then and there generally wounded and injured and subjected to undue exposure to the elements; upon information and belief, the bones, muscles, nerves, ligaments, tissues, tendons, and vital organs of his body were fractured, wrenched, bruised, sprained, and otherwise injured and he sustained internal injuries, as well as great mental anguish, suffering, and horror resulting in a violent and horrible death.

16. Claim is hereby made for survival damages recoverable under the general maritime law and Commonwealth of Virginia's survival statute, Va. Code Ann. § 8.01-25, including compensation for the pain and suffering which preceded ROBERT COLEMAN's death.

17. This claim is being made under protest and without prejudice to Claimant's position that MARINE TOWING's limitation action is improper and should be dismissed.

### CLAIM FOR WRONGFUL DEATH OF ROBERT COLEMAN

18. Claimant adopts and incorporates by reference as if fully set forth herein the allegations of paragraph 1-17 of her Counterclaim.

19. As a direct and proximate result of the subject collision and resultant fatal injuries, ROBERT COLEMAN was found dead on July 16, 2018 on the shore of the James River.

20. Claim is hereby made by Claimant, as Personal Representative of the ESTATE OF ROBERT COLEMAN and on behalf of ROBERT COLEMAN's surviving family members, under the general maritime law and Commonwealth of Virginia's wrongful death statute, Va. Code Ann. § 8.01-50, *et seq.*, for suffered damages, including but not limited to:

   a. Loss of society, companionship, nurture, guidance, and comfort;

   b. Loss of services, assistance, care, and protection;

   c. Loss of prospective net accumulations, which would have result from the continued life of ROBERT COLEMAN;

   d. Mental, anguish, pains, sorrow and suffering;

   e. Reasonable funeral expenses;

   f. Expenses for the care, treatment, and hospitalization of ROBERT COLEMAN incident to the injury resulting in death; and

   g. Punitive damages for the willful or wanton conduct of MARINE TOWING.

21. This claim is being made under protest and without prejudice to Claimant's position that MARINE TOWING's limitation action is improper and should be dismissed.

## PRAYER FOR RELIEF

WHEREFORE, Claimant prays for trial by jury and judgment against MARINE TOWING as follows:

1. For an award of damages against MARINE TOWING for the survival and wrongful death damages of ROBERT COLEMAN in an amount in excess of FIVE MILLION DOLLARS ($5,000,000);

2. For pre-judgment and post-judgment interest as allowed by law;

3. Compensatory damages with the highest rate of interest as allowed by law;

4. Punitive damages as allowed by law;

5. Attorney's fees as allowed by law;

6. The cost of this action;

7. Trial by jury on all issues so triable herein; and

8. All such further relief as this Honorable Court may deem just and proper.

Respectfully Submitted,

WILHEMENIA COLEMAN
(as personal representative of the ESTATE OF ROBERT COLEMAN)

By Counsel

*/s/Charisse L. Hines*

---

Charisse L. Hines (VA Bar No. 86354)
CHARISSE HINES LAW
Attorney for Plaintiff
P.O. Box 3023
Alexandria, VA 22302
Phone: (571) 257-7616
Email: chines@charissehineslaw.com

Dated: January 11, 2019

CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of January, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

> */s/Charisse L. Hines*
>
> _____
> Charisse L. Hines (VA Bar No. 86354)
> CHARISSE HINES LAW
> Attorney for Plaintiff
> P.O. Box 3023
> Alexandria, VA 22302
> Phone: (571) 257-7616
> Email: chines@charissehineslaw.com